UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
UNITED STATES OF AMERICA,

                **MEMORANDUM & ORDER**
  v.               23-CR-8 (WFK)

TAJHAI JONES,

     Defendant.
---------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**
On March 8, 2024, Tajhai Jones ("Defendant") pled guilty to Count One of a seven-count Indictment in 23-CR-8, charging him with Firearms Trafficking Conspiracy, in violation of 18 U.S.C. §§ 933(a)(3), (b). Plea Agreement ¶ 1, ECF No. 69; *see generally* Indictment, ECF No. 1. The Court now sentences Defendant and provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress in 18 U.S.C. § 3553(a). For the reasons set forth below, Defendant is sentenced to 97 months' imprisonment, to be followed by 2 years' supervised release with the standard conditions of supervision; and the $100.00 mandatory special assessment.

  **I.**  **Background**

    On January 5, 2022, an undercover law enforcement agent met with co-defendant David McCann in Brooklyn, New York, to exchange telephone numbers. Sealed PSR ¶ 6. The undercover officer posed as a drug dealer and expressed a desire to purchase firearms from McCann for resale. *Id.* ¶ 6–7. Approximately two days later, McCann and another co-conspirator sold controlled substances to the undercover officer. *Id.* ¶ 6.

    In May 2022, McCann introduced the undercover officer to Defendant and co-defendant Calvin Tabron, both of whom resided in Virginia. *Id.* ¶ 9. Defendant purchased firearms in Virginia and drove to New York to sell the firearms. *Id.* Over the course of approximately five months, McCann arranged several meetings between Defendant, Tabron, and the undercover

officer during which the undercover officer purchased the trafficked firearms. Gov't Sentencing Mem. ("Gov't Sent'g Mem.") at 1, ECF No. 114.

In total, Defendant and his co-conspirators sold fifty-five firearms and several different controlled substances to the undercover officer. Sealed PSR ¶ 10. Defendant himself was responsible for trafficking twenty-five firearms from Virginia to New York. Gov't Sent'g Mem. at 1.

*Procedural History*

On January 6, 2023, a grand jury returned a seven-count Indictment against Defendant and his three co-defendants: David McCann, Raymond Minaya, and Calvin Tabron. Indictment ¶¶ 1–8. On January 11, 2023, ATF agents arrested Defendant in Virginia. Sealed PSR ¶ 13. On March 8, 2024, Defendant pled guilty to Count One of the Indictment, charging him with Firearms Trafficking Conspiracy in violation of 18 U.S.C. § 933(a)(3), (b). Plea Agreement ¶ 1, ECF No. 69. Pursuant to the plea agreement, Defendant agreed not to file an appeal or otherwise challenge his sentence if the Court imposed a term of imprisonment of 135 months or below. *Id.* ¶ 4.

**II.   Legal Standard**

Congress set forth the procedures for imposing a sentence in a criminal case in 18 U.S.C. § 3553. Together with 18 U.S.C. § 3553, the United States Federal Sentencing Guidelines operate as the "starting point and the initial benchmark" for a court evaluating a criminal sentence. *Gall v. United States*, 552 U.S. 38, 49 (2007). If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing "in a statement of reasons form." *Id.* The court's statement of reasons "shall be a simple, fact-specific

statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, 08-CR-0332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.) (internal citation omitted).

When determining the appropriate sentence, the court must consider seven different factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and the sentence range established by the Guidelines; (5) any pertinent policy statements issued by the United States Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among similar defendants found guilty of similar conduct; and (7) the need to provide restitution to victims of the offense. *See* 18 U.S.C. § 3553(a). The Court now addresses each factor in turn.

### III. Analysis

#### A. The Nature and Circumstances of the Offense and the History and Characteristics of Defendant

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

##### 1. *Family and Personal Background*

Defendant was born on June 13, 1994. Sealed PSR ¶ 47. Defendant's mother worked as a dancer. *Id.* ¶ 49. Defendant's father has been incarcerated for most of Defendant's life. *Id.* ¶ 47. After Defendant's father was arrested, Defendant raised himself, as his mother was rarely home due to her work schedule. *Id.* ¶ 49. His mother used drugs and alcohol throughout his childhood. *Id.* Defendant witnessed physical abuse in his household, but Defendant did not personally experience physical abuse. *Id.*

Although Defendant's father was recently released from custody, Defendant does not speak to his father regularly. *Id.* ¶ 47. Defendant is unaware of his father's current residence, occupation, or state of health. *Id.* Defendant's mother currently resides in Norfolk, Virginia, and is employed as a house cleaner. *Id.* Defendant reports a strained relationship with his mother, who suffers from mental health disorders. *Id.* Defendant's parents are aware of his arrest and supportive of him. *Id.*

Defendant has one paternal half-sibling, who resides with her mother in Virginia Beach, Virginia. *Id.* ¶ 48. Defendant's half-sibling is aware of his arrest and supportive of him. *Id.*

Defendant has endured much during his adult life. *Id.* ¶ 50. In 2020, one of Defendant's friends died from an overdose. *Id.* In 2023, Defendant's friend was murdered. *Id.* Other friends of Defendant's have died from gun violence. *Id.*

Defendant is currently in a relationship. *Id.* ¶ 51. He has one child with his current partner, whom he has yet to meet due to his incarceration. *Id.* ¶ 52. His partner also has one child from a prior relationship whom Defendant considers his own. *Id.* Defendant lived with his partner's family prior to his arrest. *Id.* ¶ 55.

###### 2. *Educational and Employment History*

In 2009, Defendant attended Frank W. Cox High School in Virginia Beach, Virginia. *Id.* ¶ 78. Defendant was expelled from Frank W. Cox for attending a football game under the influence of alcohol. *Id.* Defendant transferred to Renaissance Academy. *Id.* Defendant earned his GED in 2010 from the Adult Learning Center in Virginia Beach, Virginia. *Id.* ¶ 77.

Prior to 2014, Defendant was employed as a car salesman, painter, and cook. *Id.* ¶ 83. From 2014–2021, Defendant was either incarcerated or unemployed. *Id.* ¶ 82. Prior to his arrest, Defendant worked for one day as a fire watch and helper at Seaside Staffing in Virginia Beach, Virginia. Sealed Addendum to the PSR at 1, ECF No. 103.

While in custody at the Metropolitan Detention Center (MDC), Defendant has served as a unit orderly and taken numerous educational courses while in custody. Sealed PSR ¶ 56. He was involved in one disciplinary incident for refusing to obey an order. *Id.*

###### 3. *Prior Convictions*

Defendant has several prior convictions. In 2013, he was convicted of reckless driving and driving on a suspended or revoked license. *Id.* ¶¶ 34–35. In 2017, Defendant was convicted in Virginia Beach Circuit Court of: (1) Use of a Firearm in the Commission of a Felony; (2) Abduction by Force, Intimidation, or Deception; (3) Statutory Burglary; and (4) Attempted Robbery of a Residence with a Gun or Simulated Gun. *Id.* ¶ 36. For this offense, he was sentenced to sixteen years' incarceration, with eleven years suspended, and released to local supervision in April 2020. *Id.* While incarcerated with the Virginia Department of Corrections, Defendant was involved in three disciplinary incidents, including conspiring or making plans to breach, or attempting to breach. *Id.*

In April 2021, Defendant was convicted of Possessing Cocaine in Chesapeake Circuit Court in Chesapeake, Virginia. *Id.* ¶ 37. He was sentenced to three years and six months' incarceration, with three years suspended. *Id.* Defendant committed the instant offense while on probation for his April 2021 conviction. *Id.* ¶ 39.

    4.    *Physical and Mental Health*

In 2021, Defendant was hospitalized from a drug overdose. *Id.* ¶ 61. He has no residual effects from this incident. *Id.* In October 2023, he was stabbed three times by another inmate at the MDC. *Id.* ¶ 60. Defendant still experiences discomfort from the stabbing. *Id.* In March 2024, Defendant sprained his wrist playing basketball. *Id.* ¶ 59. Defendant reports lingering pain from the injury to his wrist. *Id.*

Defendant has been diagnosed with anxiety and attention deficit hyperactivity disorder (ADHD). *Id.* ¶ 63. He experiences anxiety attacks and is prescribed anti-anxiety medication. *Id.* ¶ 64. He was also prescribed medication for his ADHD but stopped taking it. *Id.* ¶ 65.

    5.    *Substance Abuse*

Defendant began consuming alcohol at age twelve and marijuana at age thirteen. *Id.* ¶ 69–70. Prior to his incarceration, Defendant used marijuana every day and consumed alcohol socially. *Id.* Defendant began using Xanax, cocaine, LSD, and ecstasy at age thirteen. *Id.* ¶ 71–74. He reports he stopped using these substances before his arrest. *Id.* Defendant participated in a substance abuse program prior to his incarceration and has expressed a desire to partake in such treatment. *Id.* ¶ 76.

    6.    *Nature and Circumstances of the Offense*

The Court's previous statements address the nature and circumstances surrounding the instant offense. *See supra* Part I.

### B. The Need for the Sentence Imposed

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

The Court's sentence recognizes the seriousness of Defendant's conduct. In total, Defendant and his co-conspirators sold over fifty firearms and numerous controlled substances to an undercover officer, intending to introduce scores of unregulated weapons and drugs into the community. Sealed PSR ¶ 10; Gov't Sent'g Mem. at 1. Defendant himself transported twenty-five firearms from Virginia to New York over a five-month period. Gov't Sent'g Mem. at 1. Defendant's crimes pose a grave threat to public safety, especially in New York City, where "guns are tools of the trade and gun violence [is] a routine form of communication" for organized crime syndicates. *United States v. Cavera*, 550 F.3d 180, 204 (2d Cir. 2008) (Raggi, J., concurring). The Court's sentence will deter others from engaging in similar conduct, justly punish Defendant for his crimes, and protect the citizens of this district. Accordingly, the Court's sentence is "sufficient, but not greater than necessary" to comply with the purposes set forth in this factor. 18 U.S.C. § 3553(a).

### C. The Kinds of Sentences Available

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3). Defendant pled guilty to one count of Firearms Trafficking Conspiracy, in violation of 18 U.S.C. § 933. Plea Agreement ¶ 1.

7

Defendant faces a maximum term of fifteen years' imprisonment and no minimum term. 18 U.S.C. § 933. Defendant also faces a maximum term of three years' supervised release. 18 U.S.C. § 3583(b)(2). If a condition of release is violated, Defendant may be sentenced to up to two years without credit for pre-release imprisonment or time previously served on post-release supervision. 18 U.S.C. §§ 3583(b), (e). Defendant is eligible for a term of probation of one to five years. 18 U.S.C. § 3561(c)(1). In the absence of extraordinary circumstances, the Court must impose one of the following as a condition of probation: a fine, restitution, or period of community service. 18 U.S.C. § 3563(a)(2).

In addition to facing terms of imprisonment and supervised release, Defendant faces other penalties. Defendant faces a maximum fine of $250,000.00, pursuant to 18 U.S.C. § 3571(b)(3). However, Defendant appears unable to pay. Sealed U.S. Probation Dep't Sentence Recommendation at 2 ("Prob. Sent. Rec."), ECF No. 80-1. Defendant also faces mandatory restitution pursuant to 18 U.S.C. § 3663A. The final amount of restitution is unknown at this time. The Court reserves its right under 18 U.S.C. § 3664(d)(5) to hold an evidentiary hearing within 90 days after this sentencing to determine the specific amounts owed to Defendant's victims. Finally, the Court is required to impose a mandatory special assessment of $100.00 per count pursuant to 18 U.S.C. § 3013(a)(2)(A).

### D. The Kinds of Sentence and the Sentencing Range Established for Defendant's Offense

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . [t]he applicable category of offense committed by the applicable category of defendant as set forth in the guidelines." *Id.* § 3553(a)(4)(A).

The applicable Guideline for Firearms Trafficking Conspiracy, 18 U.S.C. § 933(a)(3), is U.S.S.G. §2K2.1(a)(2). Defendant has a base offense level of twenty-four under U.S.S.G.

8

§2K2.1(a)(2) because he committed the instant offense after sustaining at least two felony convictions of a crime of violence or a controlled substance offense.[1] Six levels are added under U.S.S.G. §2K2.1(b)(1)(C) because the instant offense involved between 25 and 99 firearms (specifically, 55 firearms). The Government argues four levels are added pursuant to U.S.S.G. §2K2.1(b)(5), as stipulated in the plea agreement. Gov't Sent'g Mem. at 3. Probation disagrees, contending a two-level enhancement applies pursuant to the same provision. Sealed PSR ¶ 24.

All parties agree certain reductions to the total offense level apply, including a two-level reduction under U.S.S.G. §3E1.1 (Acceptance of Responsibility) and a one-level reduction under U.S.S.G. §3E1.1(b) (timely notice to the Government of Defendant's intention to enter a guilty plea). Plea Agreement ¶ 2; Gov't Sent'g Mem. at 3. The parties also agreed to a one-level reduction under U.S.S.G. §5K2.0 for the global resolution of this case. Plea Agreement ¶ 7.

Probation recommends a sentence of 97 months' imprisonment; three years' supervised release; and a $100.00 mandatory special assessment. Prob. Sent. Rec. at 1. The Government recommends a sentence of 97 months' imprisonment, or a modest downward variance. Gov't Sent'g Mem. at 1. Defense counsel recommends a sentence of 80 months' imprisonment. Def. Sent'g Mem. at 1. This Court appreciates the sentencing arguments raised by all parties and has considered each in turn.

### E. Pertinent Policy Statement(s) of the Sentencing Commission

The fifth § 3553(a) factor requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission." 18 U.S.C. § 3553(a)(5).

---

[1] The Government notes the plea agreement incorrectly provides a base offense level of 22. Gov't Sent'g Mem. at 3 n.1. The Government agrees the PSR correctly states the base offense level as 24. *Id.*

9

The parties have not drawn the Court's attention to any applicable policy statements. Finding none on its own, the Court proceeds to the next § 3553(a) factor.

### F. The Need to Avoid Unwarranted Sentence Disparities

The sixth § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

On February 25, 2025, the Court sentenced co-defendant David McCann to 108 months' imprisonment and four years' supervised release. Memorandum & Order, 23-CR-8-001, ECF No. 107. McCann pled guilty to Firearms Trafficking Conspiracy, in violation of 18 U.S.C. § 933, and Conspiracy to Distribute and Possess with Intent to Distribute Fentanyl, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). *Id.* The parties have not raised arguments regarding unwarranted sentencing disparities in this case. For the reasons stated in this Memorandum and Order, and considering the other six § 3553(a) factors, the Court's sentence avoids unwarranted sentence disparities.

### G. The Need to Provide Restitution

Finally, the seventh § 3553(a) factor requires the Court to touch upon "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7).

Restitution is mandatory in this case pursuant to 18 U.S.C. § 3663A. The Court reserves its right pursuant to 18 U.S.C. § 3664(d)(5) to hold an evidentiary hearing within 90 days after this sentencing to determine the specific amounts owed to Defendant's victims.

### IV. Conclusion

For the reasons set forth above, the Court sentences Defendant to 97 months' imprisonment; two years' supervised release with the standard conditions of supervised release;

and the $100.00 mandatory special assessment. This sentence is sufficient but no greater than necessary to accomplish the purposes of § 3553(a)(2). The Court does not impose a fine given Defendant's apparent inability to pay. The Court does not excuse Defendant from the mandatory drug testing provisions of 18 U.S.C. §§ 3563(a)(5) and 3583(d).

The Court expressly adopts the factual findings of the Sealed Presentence Investigation Report and the Addenda thereto, as corrected herein, to the extent those findings are not inconsistent with this opinion.

SO ORDERED.

s/ WFK
_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: April 15, 2025
       Brooklyn, New York

11